CARRAS et al. v. MONAGHAN, Sheriff (DRAVO CORPORATION, Intervener).

Civil Action No. 5685.

District Court, W. D. Pennsylvania.

May 2, 1946.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiffs.

John M. Bash, of Pittsburgh, Pa., for defendant Monaghan.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for Dravo Corporation.

GIBSON, District Judge.

Although claiming to appear in the interest of Local Union No. 61, Industrial Union of Marine and Shipbuilders Workers of America, C.I.O., counsel for plaintiffs filed the complaint herein in forma pauperis.

On April 26, 1946, a complaint was filed on behalf of plaintiffs wherein it was alleged that the Dravo Corporation and said Union had entered into a collective bargaining agreement on September 7, 1945, and that on March 15, 1946, the Union served written notice of its intention to call a strike after thirty days notice. It is further asserted in the complaint that Dravo Corporation on March 20, 1946, instituted a lockout, contrary to the provisions of the War Labor Disputes Act, 50 U.S.C.A. Appendix, § 1501 et seq. Despite my individual knowledge that the members of said Union voluntarily instituted a strike on the day the notice to call a strike was served, I must accept this allegation of the complaint in passing upon a motion to dismiss it.

The complaint further alleges that the members of the Union began to picket the plants and yards of the Dravo Corporation in an orderly fashion after the lockout, and that on April 20, 1946, Dravo obtained

a preliminary injunction in the Court of Common Pleas of Allegheny County, and on April 23, 1946, obtained from said court a Writ of Assistance. Although it does not directly so state, it possibly may be inferred that the Common Pleas writ was issued upon injunction affidavits. The writ, it is alleged in substance, was based upon prior decisions of the Supreme Court of Pennsylvania, and which the complaint asserts were repugnant to the 14th Amendment and contrary to the Pennsylvania Constitution, art. 1, § 1, P.S. The writ of injunction, it is declared, "constitutes a denial of due process and a denial of the equal protection of the laws to plaintiffs who are defendants in said action * * *" and is void and of no effect.

The prayer for relief was as follows:

"(a) That an injunction may issue preliminarily until hearing and perpetual thereafter restraining the defendant (Walter C. Monaghan, Sheriff) from executing said writ of assistance.

"(b) That an order be made by your Honorable Court decreeing that said injunction is null and void and that the writ of assistance which is based thereon is void."

Section 265 of the Judicial Code, 28 U.S.C.A. § 379, provides as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

See Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

Faced with Section 265 of the Judicial Code, counsel for the plaintiffs amended the complaint. The substance of the amendment is found in the added 13th paragraph and the added prayers for relief.

The 13th paragraph is as follows:

"13. The actions and decisions of the Pennsylvania Supreme Court constitute legislation. The actions and decisions of the Pennsylvania Supreme Court purport to be based upon the state law of 1939. Act No. 163 [43 P.S. § 206d], which plaintiffs aver is contrary to the provisions of the U.S. Constitution, 14th Amendment, section 1. The decision and action of the Common Pleas Court set forth above under color of said Act of 1939, and said decisions of the Pennsylvania Supreme Court is (sic) unconstitutional and void. The said State Act of 1939 and the decisions and actions of the Common Pleas and Supreme Court of Pennsylvania and the writ of assistance based thereon constitute a violation of the rights of the plaintiffs to peaceful picketing, freedom of speech, freedom of assembly and freedom of press and are a denial to plaintiffs of due process of law and of the equal protection of the laws."

By the amendment the prayers for relief contain the following additions:

"c. That your Honorable Court may issue a preliminary injunction and temporary restraining order enjoining and restraining the enforcement of said Pennsylvania Act of 1939, P.L. 302, Act No. 163, and the Pennsylvania Supreme and Common Pleas Court decisions, and decreeing the same to be unconstitutional and void as being in violation of the 14th Amendment of the Constitution."

"d. That a three judge court be convened as provided by Section 266 of the Judicial Code, 28 U.S.C.A. § 380, to grant the relief prayed for."

"e. For a final decree and a permanent injunction after final hearing declaring said Act of 1939 unconstitutional and the decisions and orders of the Pennsylvania Supreme Court and Common Pleas Court unconstitutional and void for the reasons stated above."

After the amendment was filed by the plaintiffs, the original defendant, Sheriff Monaghan of Allegheny County, and Dravo Corporation, intervening defendant, have moved to dismiss the complaint.

By the amendment of the complaint we have the case transferred from a claim of injunction against the Sheriff, whose duty it was to serve the process of the Court of Common Pleas, to a charge of unconstitutionality of the Act of 1939 amending the Pennsylvania Labor Anti-Injunction Act of 1937, 43 P.S. Pa. § 206a et seq., and a motion for the formation of a three-judge court to pass upon the constitutional

issue. The demand for such a court is based upon Section 266 of the Judicial Code, 28 U.S.C.A. § 380. That Section declares that no interlocutory injunction restraining the enforcement, operation or execution of the statute of a State by restraining the action of any officer of such State in the execution or enforcement of such statute, shall be granted or issued by any district court of the United States upon the ground of the unconstitutionality of such statute unless the application for the same shall be heard and determined by three judges, of whom at least one shall be a Justice of the Supreme Court or a Circuit Judge, and unless a majority of such judges concur in granting the application.

▆▆▆▆ Section 266 of the Judicial Code limits the power of the district court, but it does not require that a three-judge court be convened upon a mere averment of the unconstitutionality of a state statute. The jurisdiction of the court and whether or not a claim has been set forth upon which relief can be granted is still a matter for determination by the judge to whom the application for injunction has been presented. On the other hand, if a substantial charge of unconstitutionality appears in the pleading, and jurisdiction exists, it is the duty of such judge to convene the three-judge court, no matter what his own opinion may be. It is therefore my duty in the instant matter to scrutinize the complaint with care, in view of defendants' motion to dismiss, to determine whether or not jurisdiction exists, and whether or not a substantial charge of invalidity has been made.

Insofar as the claim for an injunction against the enforcement officer of the Common Pleas Court is concerned, as set forth in the original complaint, it must be dismissed as of no weight. The matter before us depends upon the decision upon the constitutional question.

Plaintiffs have assailed the Act of 1939, amending the Labor Anti-Injunction Act of 1937, as invalid. The Act of 1937 is modeled after the Federal Labor Act. Section 4 of the Act of 1937, P.L. 1198, 43 P.S. § 206d, provides:

"No Court of this Commonwealth shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case included within this act, except in strict conformity with the provisions of this act, nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this act. Exclusive jurisdiction and power to hear and determine all actions and suits coming under the provisions of this act, shall be vested in the courts of common pleas of the several counties of this Commonwealth."

Under the Act of 1937 the power of the Courts was limited to issue an injunction in a labor dispute only upon findings and after hearing testimony of witnesses in open Court. Prior to the Act of 1937, it will not be disputed, the Courts had power, under Section 13 of the Act of 1836, P.L. 784, 17 P.S. § 282, as Courts of Chancery to prevent or restrain "The commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals * * *." This right existed for 100 years.

▆▆ The Act of 1937 made the prior procedure invalid in case of labor disputes. On the next session of the legislature the attacked Act of 1939 amended the Act of 1937 by adding to Section 4 thereof two exceptions. The first provided that the Act of 1937 did not apply in a labor dispute wherein a breach of a valid subsisting labor agreement had occurred, and the second, that the Act did not apply where, in a labor dispute, the employees or a labor organization, or its members, seized or held the plant or property of the employer. With the exceptions mentioned the Act of 1937 remained in its original form. In other words, the Pennsylvania Legislature at one session changed the old procedure in respect to injunction in labor disputes, and in the next session restored to a slight degree the procedure which theretofore had existed for 100 years. See Carnegie Illinois Steel Corp. v. United Steelworkers of America, 353 Pa. 420, 45 A.2d 857. The Acts of 1937 and 1939 were Pennsylvania procedure statutes well within the power of the State legislature to

662

enact. To say that the Federal constitutional rights of plaintiffs have been violated by the amending Act of 1939 is tantamount to declaring that the ancient chancery powers of the Pennsylvania Courts always violated the Constitutional rights of individuals in case of labor disputes. For this Court to so say would be equivalent to it asserting that the State in the exercise of its police power, never had the right "to prevent or restrain the commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals (Act of 1836, P.L. 784) " in labor disputes, and that sole jurisdiction in such matters was in the Federal Courts. No such position is tenable.

■ As stated supra, it is the duty of the Court in the instant case to scrutinize the complaint to determine whether or not any substantial constitutional question is asserted by it. See California Water Service Co. v. City of Redding 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. In so doing the conclusion has been reached that no such substantial controversy has been set forth by it, and that the prayer for assembling a three-judge Court must be refused.

The motions to dismiss for lack of jurisdiction and for failure to present a case upon which relief may be granted remains for consideration.

The complaint, prior to amendment, prays only for an injunction upon the defendant, the Sheriff, restraining him from executing the writ of assistance, and for a decree declaring the injunction granted by the Court of Common Pleas and the writ of assistance based thereon each be declared null and void.

■ This court has no power to restrain or review proceedings in a State court, and is prohibited from enjoining execution writs. Hill v. Martin, 296 U.S. 393, 405, 56 S.Ct. 278, 80 L.Ed. 293. This cannot be evaded by making the sheriff a party. Leathe v. Thomas, 7 Cir., 97 F. 136.

The amendment of the complaint asks, first, that the enforcement of the Act of 1939 be enjoined and "the Pennsylvania Supreme and Common Pleas Court decisions" be decreed to be unconstitutional and void as being in violation of the 14th Amendment of the Constitution; second, that a three-judge court be convened; and, third, that a decree and permanent injunction declaring said Act of 1939 unconstitutional and "the decisions and actions of the Pennsylvania Supreme Court and Common Pleas Court unconstitutional and void * * *".

It is plain no relief can be granted as prayed in the original and amended complaint, and that the court is without jurisdiction to enjoin the Sheriff. Therefore, the motion to dismiss will be allowed.