## PALMERINE et al. v. DRAVO CORPORATION et al.

### Civil Action No. 5649.

District Court, W. D. Pennsylvania.

May 2, 1946.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiffs.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

Above entitled action substantially parallels the allegations contained in John A. Carras et al. v. Walter C. Monaghan, defendant, and Dravo Corporation, Intervening Defendant, D.C., 65 F.Supp., 658.

The complaint was filed April 18, 1946, and was amended on April 29, 1946. The only relief prayed in the original and amended pleading is equitable.

In the original complaint, plaintiffs having been notified through their counsel of the intention of the Dravo Corporation to present to the Court of Common Pleas of Allegheny County, a petition praying that Local Union 61, Industrial Union of Marine and Shipbuilding Workers of America, C.I.O., and officers and members thereof, be enjoined from continuing certain alleged unlawful practices and unlawful picketing, prayed relief as follows:

"Wherefore, plaintiffs respectfully pray your Honorable Court for an order:

"(a) Preventing and enjoining the defendants, their agents, attorneys and servants from doing or getting any act which will interfere with the rights of the plaintiffs in peacefully and lawfully picketing the plants and yards of the company.

"(b) For an order preventing and restraining the defendants, their agents, attorneys and servants from filing or bringing any injunction suit in The Common Pleas Court of Allegheny County, Pennsylvania, or elsewhere, for the purpose of restraining the plaintiffs, the union, its officers and members from picketing the plants and yards of the company.

"(c) For such other equitable relief as the circumstances may require."

In the amended complaint the prayer for relief was as follows:

"Amend the prayer for relief by adding the following additional paragraphs:

"(c) That your Honorable Court may issue a preliminary injunction and temporary restraining order enjoining and restraining the enforcement of said Pennsylvania Act of 1939, P.L. 302, Act No. 163 [43 P.S. § 206d], and the Pennsylvania Supreme Court and Common Pleas Court decisions, and decreeing the same to be unconstitutional and void so being in violation of the 14th Amendment of the Constitution.

"(d) That a three Judge Court be convened as provided by section 266 of the Judicial Code, 28 U.S.C.A. § 380, to grant the relief prayed for.

"(e) For a final decree and permanent injunction after final hearing and declaring said act of 1939 unconstitutional and the decisions and actions of the Pennsylvania Supreme Court and Court of Common Pleas unconstitutional and void for the reasons stated above.

"(f) For an order enjoining defendants from enforcing such injunction order granted by the Common Pleas Court."

The defendants have filed motions to dismiss the complaint. These motions will be allowed.

The issues raised or attempted to be raised, by the pleadings of plaintiffs, have been discussed at some length in the opinion in the parallel case of Carras et al. v. Walter C. Monaghan, Defendant, and Dravo Corporation, Intervening Defendant, D. C., 65 F.Supp. 658, and the Court will not repeat what was there said.