JAKSEC et al. v. DRAVO CORPORATION.

Civil Action No. 5648.

District Court, W. D. Pennsylvania.

May 2, 1946.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiffs.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The pleading in this action is somewhat confused. While the only relief sought is equitable, the pleader has set forth as part of the claim a matter wherein the original plaintiff has an adequate remedy at law.

After reciting a lockout of employees by the defendant, plaintiff asserted that defendant had recalled certain employees and had assigned work to them which rightfully ought to have been performed by the plaintiff, Jaksec, under the term of the contract between the defendant and the plaintiff's union. Plaintiff claims damage by reason of such assignment of labor. For this alleged breach of contract the plaintiff has a remedy at law plainly set forth in the War Labor Disputes Act, 50 U.S.C.A.Appendix, § 1501 et seq., Subsection (c) of Section 8 provides:

"Any person who is under a duty to perform any act under subsection (a) and who willfully fails or refuses to perform such act shall be liable for damages resulting from such failure or refusal to any person injured thereby and to the United States if so injured. The district courts of the United States shall have jurisdiction to hear and determine any proceedings instituted pursuant to this subsection * * *."

The complaint was filed on April 18, 1946, and on April 29, 1946, the plaintiff, Jaksec, amended by adding the name of George Zeiler as another plaintiff, and by further adding certain paragraphs to the complaint by which it substantially parallels the amended complaint in the action of John A. Carras et al. v. Walter C. Monaghan, Defendant, and Dravo Corporation, Intervening Defendant, D.C., 65 F.Supp. 658.

The prayer for relief in the complaint was as follows:

"(a) For a restraining order against the defendant its agents and servants from continuing the illegal acts complained of herein, particularly continuing to violate the contract in reference to the seniority and supervisory provisions, continuing the lockout in violation of the Smith-Connally Act."

"(b) For an order restraining the defendant, its agents, attorneys and servants from filing any action in the Common Pleas Court in which an injunction is sought against the union or its officers to restrain them from picketing the plants and yards of the company until this Court shall have adjudicated the issues herein."

"(c) Such other and further equitable relief as the circumstances shall require."

The amended bill added the following:

"(d) For a final decree and permanent injunction after final hearing declaring said Act. of 1939 [43 P.S. § 206d] unconstitutional and the decision and actions of the Pennsylvania Supreme Court and Common Pleas Court unconstitutional and void for the reasons stated above."

"(e) For an order enjoining defendants from enforcing such injunction order granted by the Common Pleas Court."

The Court has discussed certain of the like allegations in this pleading in Carras. et al., v. Monaghan et al., D.C., 65 F.Supp. 658, and will not repeat them here.

Being of opinion that this Court is without jurisdiction over the subject matter of the action, and that the complaint fails to state a claim upon which relief can be granted, the Court will allow the defendant's motion to dismiss.