THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD MARCLEY, Respondent, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, et al., Appellants.

(Argued June 2, 1930; decided July 8, 1930.)

*Elvin N. Edwards, District Attorney* (*Phillip Huntington* of counsel), for appellants. It was the obvious intention of the Legislature to provide that persons whose actual guilt of four different felonies was established should be segregated and confined in prison for life for the protection of society. (Penal Law, § 1942; *People* v. *Cowasky,* 219 App. Div. 19; *Schiffer* v. *Pruden,* 64 N. Y. 47; *People* v. *Fabian,* 192 N. Y. 443; *Nathan* v. *Staples,* 48 Me. 123; *Commonwealth* v. *Lockwood,* 109 Mass. 323; *Commonwealth* v. *Gorham,* 99 Mass. 420.) Under the rules of statutory construction the Legislature can and should be held to have used the word " conviction " in its ordinary sense. (*People* v. *Abeel,* 45 Misc. Rep. 86; 100 App. Div. 516; 182 N. Y. 416; *People ex rel. Murray* v. *Becker,* 78 Misc. Rep. 666; *Cotheal* v. *Brouwer,* 5 N. Y. 562; Penal Law, §§ 1942, 1943.)

*Edward McLoughlin* and *Edward Ward McMahon* for respondent. The judgment sentencing the relator to life imprisonment was illegal. (Penal Law, § 1942; *People* v. *Schaller,* 224 App. Div. 3; *People* v. *Fabian,* 192 N. Y. 443; *People ex rel. Forsyth* v. *Court of General Sessions,* 141 N. Y. 283; *People* v. *McGloin,* 91 N. Y. 241; *Blaufus* v. *People,* 69 N. Y. 107; *People* v. *Sullivan,* 34 App. Div.

548; *People* v. *Markham,* 114 App. Div. 387; *People* v. *Bork,* 78 N. Y. 346; *People* v. *Bradner,* 107 N. Y. 1; *People* v. *Canopi,* 181 N. Y. 398.) Conviction means a final judgment of the court, and a verdict of a jury followed by a suspended sentence will not suffice. (*Donnell* v. *Board of Registration,* 149 Atl. Rep. 153; *Smith* v. *Cowen,* 4 Serg. & Rawle, 69; *Commonwealth* v. *Minnich,* 250 Penn. St. 363; *Commonwealth* v, *Lewandowski,* 74 Penn. Sup. Ct. 572; *Commonwealth* v. *McDermott,* 224 Penn. St. 363; *State* v. *Brown,* 115 Mo. 409; *Commonwealth* v. *Lockwood,* 109 Mass. 323; *State* v. *Gani,* 157 La. 231; *State* v. *Savage,* 86 W. Va. 655; *United States* v. *Lindquist,* 285 Fed. Rep. 447; *Shepherd* v. *People,* 25 N. Y. 406; *Bluafus* v. *People,* 69 N. Y. 107; *People* v. *McGloin,* 91 N. Y. 241.)

KELLOGG, J. The relator, as a fourth offender, upon a plea of guilty to a charge of grand larceny in the first degree for the theft of an automobile, has been sentenced to imprisonment in Sing Sing Prison for the term of his natural life. The alleged prior convictions were these: On June 27, 1921, he pleaded guilty, in Kings County Court, to the crime of attempted grand larceny in the second degree, for the attempted theft of a motorcycle. Sentence was suspended. On April 22, 1922, he pleaded guilty, in Nassau County Court, to the crime of burglary in the third degree, for breaking and entering a chicken house and stealing chickens. Again, sentence was suspended. On the same day, in the same court, he pleaded guilty to the crime of burglary in the third degree, for burglarizing a garage and stealing automobile accessories. He was sentenced to three years and six months in Sing Sing Prison. If the sentence under review stands, the relator, who is twenty-five years of age, because he had previously stolen chickens, certain automobile parts and a motorcycle, must spend the remainder of his days in a State's prison.

It is provided in section 1942 of the Penal Law as

follows: " Punishment for fourth conviction of felony. A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony within this state, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for the term of his natural life." The meaning of the word " convicted," as employed in the section, determines whether or not the sentence imposed was valid.

In *People* v. *Fabian* (192 N. Y. 443) an indictment charging the defendant with the crime of knowingly voting at an election " not being qualified therefor " was considered. The Election Law (Cons. Laws, ch. 17, § 34, as amd. by L. 1901, ch. 654, § 2, subd. 10) then provided that " No person who has been convicted of a felony shall have the right to register for or vote at any election unless he shall have been pardoned and restored to the rights of citizenship." The defendant had previously been indicted for burglary in the first degree and upon his trial a verdict of guilty had been rendered against him, but no judgment was ever entered upon the verdict, sentence having been suspended. This court held that the defendant had not been " convicted " of a felony within the meaning of the Election Law. The dissenting words of Mr. Justice CLARK, in the Appellate Division (126 App. Div. 89, 104), to the effect that " where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law, it is that conviction which is evidenced by sentence and judgment, and that where sentence is suspended and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so also the indirect consequences are likewise postponed," were cited with approval. In this instance, if two prior pleas of guilty, resulting in two suspended sentences, be regarded

as giving to the relator the character of a person twice
" convicted," the indirect consequences will be that the
relator will suffer, as a fourth offender, an imprisonment
for the term of his natural life. The case cited, there-
fore, is directly in point to establish that the relator, by
the prior pleas and suspensions, was not " convicted " of
felonies, and that the provisions of section 1942, with
their dire consequences, are not applicable.

In the *Fabian* case it was said to be unreasonable to
find the defendant disqualified merely because a verdict
had been found against him " upon which judgment might
have been or might yet be arrested." So in *Common-
wealth* v. *Kiley* (150 Mass. 325), cited in the *Fabian*
case, it was said: " At any time before a final judgment
of the court, a motion in arrest of judgment may be
made, or the verdict may be set aside upon a motion
for a new trial, on the ground of newly-discovered evidence
or for other good cause; and, upon further proceedings, it
may turn out that the defendant is not guilty." So
here, if, within the meaning of section 1942, a person
is previously " convicted " by the mere verdict of a jury,
without an application of the law to the finding made
through a judgment of the court, he might become subject
to the penalties of the section, although all previous
convicting verdicts had been set aside. We think that
no such construction should be given to the law, and that
the finality of a judgment establishing each of the prior
convictions should be present, before a prisoner is regarded
as a fourth offender, and subject to the provisions of
the section.

We have not overlooked the fact that under section
470-b of the Code of Criminal Procedure a prisoner
against whom a sentence, upon a prior plea or verdict of
guilt, has been suspended, if again guilty, must be regarded
as a second offender; nor that under section 517 of the
same Code an appeal lies from a conviction where sentence
has been suspended. The provisions of these sections,

however, are expressly limited by their terms; the former by the words " for the purpose of indictment and conviction of a second offense;" the latter by the words " for every purpose of an appeal herein." Thus limited they can have no application when an interpretation o section 1942 is sought.

The writ was properly dismissed and the prisoner should be returned to the County Court of Nassau county for resentence. (*People ex rel. Bork* v. *Gilbert*, 96 N. Y. 631; *People ex rel. Devoe* v. *Kelly*, 97 N. Y. 212.)

The order should be affirmed.

CARDOZO, Ch. J. (dissenting). I dissent as to the construction of the statute upon the ground that Penal Law, section 1942, in its present form was enacted at the same time as Penal Law, section 1941; that under Penal Law, section 1941, read in connection with Code of Criminal Procedure, section 470-b, a prisoner is punishable as for a second offense though sentence has been suspended under the first verdict of conviction; that the question whether the word " conviction " in any particular statute shall be taken to include a suspended sentence, is one of legislative intention; and that the Legislature may not reasonably be held to have intended that what is sufficient to constitute a second conviction under section 1941 shall be disregarded in determining whether there have been three convictions under section 1942.

LEHMAN, O'BRIEN and HUBBS, JJ., concur with KELLOGG, J.; CARDOZO, Ch. J., dissents as to the construction of the statute in memorandum, in which POUND and CRANE, JJ., concur.

Order affirmed.