### PULLEN v. PATTON et al.

No. 3753–1009 Eq.

District Court, N. D. Texas, Dallas Division.
May 6, 1937.

Mayer, Houston & Mayer and M. E. Kramer, all of Dallas, Tex., for complainant.

Guy L. Mann, E. G. Moseley, and Andrew Patton, pro per., all of Dallas, Tex., for respondents.

ATWELL, District Judge.

Complainant is a citizen of Minnesota. He is engaged in a contract to stage an entertainment known as the Pre-Pan-American Marathon, at Dallas, Tex., and has spent and contracted to expend large sums of money in that direction. He represents that on the 1st day of May, 1937, respondent, Patton, as district attorney, filed in the One Hundred First judicial district court of Texas a bill to restrain W. T. Cox, Ed McLamore, complainant, and Sportatorium, Inc., from operating or continuing the marathon, on the ground that it was a physical contest in violation of article 614b of the Vernon's Annotated Penal Code of the state of Texas—acts of the 43d Legislature—Second Called Sess. p. 131, c. 62. Section 1 of that act (Vernon's Ann.P.C.Tex. art. 614b, §§ 1, 8) provides, "It shall hereafter be unlawful for any person to conduct in public competition for prizes, awards or admission fees, any personal, physical or mental endurance contest that continues longer than twenty-four (24) hours." It excepts from its provisions athletic contests by schools, colleges, or universities, as well as trial contests for the testing of the strength and capacity of materials and machinery. It makes it the duty of the Attorney General, the district and county attorneys, "Whenever [either of them] has reliable information that such a nuisance exists" (section 8), to file, in the name of the state, in the county where the nuisance is alleged to exist, proceedings to abate and enjoin the same.

That in pursuance to the application of the district attorney, the judge granted restraining orders and that, thereafter, he announced that "he would hold the defendants in that action in contempt of his order and confine them in the Dallas county jail if they did not close and discontinue performances and activities at the Sportatorium."

He further alleges that his employees Cox and McLamore have expressed their intention to discontinue all activities and performances in compliance with the demand of the judge and in violation of their

contract with the complainant. That if that is done, he will suffer irreparable loss and damage. He prays for a temporary restraining order and that a three-judge statutory (Judicial Code § 266, 28 U.S.C.A. § 380) court be assembled to determine whether an interlocutory injunction shall issue against all of the defendants, claiming the mentioned statute unconstitutional.

Upon presentment of the bill, notice to all respondents was ordered, except the judge, to show cause why restraint should not issue as prayed.

■ An attack being made upon the constitutionality of a state statute, a statutory court is required, but a district judge is authorized to determine, before going to the expense and trouble of assembling such court, whether the relief sought could be granted.

■ It is already apparent from what has been said that the complainant seeks to stop the proceedings in the state court. If there is an insuperable impediment to such remedy, the district judge need go no further. Ex parte Hobbs, 280 U.S. 168, 50 S.Ct. 83, 74 L.Ed. 353; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. The district judge has authority to dismiss for the want of jurisdiction when the question involved in the complaint lacks the necessary substance. Ex parte Poresky, supra; see, also, Stratton v. St. Louis Southwestern Ry. Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, for full program for three-judge courts.

■ The remedy sought is the enjoining of state court officers and court, who are acting under a state statute against the complainant here. The basis for the request is that the state statute under which the state officers are operating is unconstitutional. Even if it be conceded that that be true, no sufficient ground is furnished for the restraint. Bradford v. Hurt (C.C.A.) 84 F. (2d) 722, 724; Spielman Motor Co. v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 680, 79 L.Ed. 1322.

■ The national court may enjoin local peace officers from enforcing an illegal statute and making unfounded arrests or destroying property, when the acts are so exceptional and clear that it is necessary to afford adequate protection of constitutional rights. Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255; Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed.

596; Tyson & Bro. United Offices v. Banton, 273 U.S. 418, 47 S.Ct. 426, 71 L.Ed. 718, 58 A.L.R. 1236; Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146.

■ Unless this danger of irreparable loss is both great and immediate, the accused should set up his defense in the state court. By doing this, he has the opportunity for ultimate review in the Supreme Court of the nation. Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927; Essman v. Hood (D.C.) 45 F.(2d) 881.

■ Again, section 265 of the Judicial Code, section 379, title 28 U.S.C.A., denies the right to stay a state court except in cases where injunction is authorized in bankruptcy proceedings. Frequently attention has been called to the fact that this is a crystallization of the doctrine of comity that prevents unseemly conflict between courts of the two jurisdictions. It does not deprive the national court of the right to protect its own jurisdiction, nor to inquire when there is no jurisdiction in the state court, nor to undo a final decree there which has been secured by fraud. Equity has a long arm, but a careful one. The Code section is so practical as to prevent an injunction which would stay a party at any stage of a proceeding in a state court unless that proceeding comes within the classes referred to, and relates to all orders of the national court which would necessarily have such an effect. Amusement Syndicate Co. v. El Paso Co. (D.C.) 251 F. 345; Allen v. American Fidelity & Casualty Co. (C.C.A.) 80 F.(2d) 458.

There are provisions in the state statute for ample review by the Supreme Court of Texas of any drastic order made by the trial court. A statute such as this was upheld in Pughe v. Lyle (D.C.) 10 F.Supp. 245.

■ What is asked in the present application is that this court temporarily restrain the proceedings in the state court and then that a three-judge court be assembled to grant an injunction against the state officials, and the state court, from further proceeding.

At the very outset, therefore, we are met by a demand which cannot be granted, and in which there is no substance. That being true, the temporary restraining order is denied and the cause is dismissed.