**PRICEMAN v. DEWEY, Governor, et al.**

Civ. No. 9523.

United States District Court
E. D. New York.

Jan. 3, 1949.

Francis P. Heffernan, of St. George, S. I., N. Y. (Thomas F. Cosgrove, of St. George, S. I., N. Y., on the brief) for plaintiff.

Nathaniel L. Goldstein, Atty. Gen. of State of New York (Abe Wagman, Asst. Atty. Gen., of counsel), for Hon. Thomas E. Dewey as Governor of State of New York and Hon. Nathaniel L. Goldstein as Attorney General of State of New York.

GALSTON, District Judge.

This matter comes to the court on cross-motions, the plaintiff seeking a temporary injunction to restrain the defendants from enforcing Sec. 965 of the Penal Law of the State of New York, McKinney's Consol. Laws, c. 40, and from prosecuting the plaintiff in the Court of Special Sessions of the City of New York, Borough of Richmond, for an alleged violation of that section of the penal law on the ground that it is a statute repugnant to the provisions of the Constitution of the United States; and the defendant moves to dismiss the complaint on the ground that the court lacks jurisdiction. The statute in question forbids the acceptance of any gratuity "in addition to lawful charges" for the leasing or rental of real property.

The complaint alleges that the plaintiff is a defendant in thirteen criminal actions now pending in the Court of Special Sessions in Richmond County for alleged violations of the foregoing section of the penal law; that these actions are based upon separate informations filed by the District Attorney as a result of a presentment of a grand jury of Richmond County, which informations were filed on October 27, 1948; that the plaintiff was arraigned on that day, and the matter was adjourned to November 10, 1948, at which time a demurrer was filed with the court challenging the validity of the statute.

Briefly stated the demurrer charged the statute as unconstitutional because it was vague and indefinite; that it violates the Fifth and Sixth Amendments of the Constitution in that it deprives the plaintiff of due process of law; that it violates the Constitution of the State of New York as being repugnant to Article 3, Sec. 1, and Article 3, Sec. 16.

The complaint herein continues then in its allegations that the Court of Special Sessions on December 1, 1948 overruled the demurrer, and thereupon the plaintiff entered a plea of not guilty and the court fixed January 12, 1949 as the date for trial. The plaintiff further alleges that he must now stand trial and if convicted must appeal to the Appellate Division of the State of New York, then the Court of Appeals, and then to the United States Supreme Court if necessary. Nevertheless, it is claimed by the plaintiff herein that he has been deprived of an adequate remedy at law in the state courts.

Accordingly, since the plaintiff challenges the constitutionality of the state statute, the plaintiff makes application for a three-judge District Court to hear and determine his application for an interlocutory judgment and for final relief.

Both motions will be disposed of in this opinion, and the first question to be determined is whether in the circumstances related the plaintiff is entitled to have a three-judge court convened pursuant to 28 U.S.C.A. § 2281. That section reads as follows:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

Clearly from the foregoing the District Judge before whom the matter comes in the first place must convene a three-judge court if the showing made in the complaint and moving papers establishes jurisdiction. If, on the other hand, the court is without jurisdiction, then the single District Judge, by virtue of the section quoted, is under no such compulsion.

It must be determined whether the allegations of the complaint under the authorities are sufficient ground to justify this court in convening a three-judge court.

In Ex parte Poresky, 290 U.S. 30, 54 S. Ct. 3, 4, 78 L.Ed. 152, it appears that the

petitioner brought a suit against the Governor of Massachusetts et al. to restrain the enforcement of a Massachusetts law relating to compulsory automobile liability insurance on the ground that the statute violated the Fourteenth Amendment. The District Judge dismissed the complaint, though recognizing the rule that if the court were warranted in taking jurisdiction, and the case fell within Sec. 266 of the Judicial Code,[1] a single judge was not authorized to dismiss the complaint on the merits, whatever his opinion of the merits might be. The Supreme Court said:

"But the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction. * * * That provision does not require three judges to pass upon this initial question of jurisdiction.

"The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. Mosher v. Phoenix, 287 U.S. 29, 30, 53 S. Ct. 67, 77 L.Ed. 148; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062.

There have been some District Court decisions following the Poresky case, supra. See Pullen v. Patton et al., D.C., 19 F. Supp. 340; Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp. 179, affirmed 77 U. S.App.D.C. 114, 133 F.2d 47, certiorari denied 319 U.S. 750, 63 S.Ct. 1158, 87 L. Ed. 1704; Carras et al. v. Monaghan, D.C., 65 F.Supp. 658.

I conclude then that a single District Judge has power to pass upon the question presented here, whether a three-judge court should be convened.

■ It is a familiar and well established general rule that a federal court of equity is ordinarily without jurisidiction to restrain criminal prosecutions. There is an exception enabling such a court to enjoin state criminal proceedings under a statute alleged to be unconstitutional when their prevention is essential to the safeguarding of rights of property and when the circumstances are exceptional and disclose danger of irreparable loss both great and immediate. Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 683, 71 L.Ed. 1146. In that case the court found that the District Attorney had already injured the plaintiffs' properties and their businesses, and that the facts presented a case in which, if the Act were invalid, great injuries to properties and businesses would be unjustly inflicted and therefore should be promptly settled. "We think the basis for equitable jurisdiction is made sufficiently clear", said Chief Justice Taft, but he added, after quoting from Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 455, 52 L.Ed. 714, 13 L. R.A.,N.S., 932, 14 Ann.Cas. 764 that the injunction granted by the three-judge court was too broad "in so far as it restrains proceedings actually pending, and that it must be accordingly modified." In Ex parte Young it had been said:

"But the Federal court cannot, of course, interfere in a case where the proceedings were already pending in a state court. Taylor v. Taintor, 16 Wall. 366–370, 21 L.Ed. 287–290; Harkrader v. Wadley, 172 U.S. 148, 19 S.Ct. 119, 43 L.Ed. 399."

■ In the case at bar it appears that criminal proceedings are pending and under the foregoing authorities they should not be stayed. Certainly no exception to the rule is presented on the showing of the complaint and moving papers. Indeed one can go further and say in agreement with the argument presented by the defendants that even if a threatened prosecution were shown, the facts alleged in the complaint are insufficient in this case to afford a basis for the exercise of the court's equity power. There is no showing of irreparable injury, and there is no showing that a full and adequate remedy does not exist under the laws of the State of New York. Indeed the contrary is shown in the complaint, for not only is it possible for the defendant in the criminal proceedings, the plaintiff here, to appeal from a judgment of conviction to the Appellate Division of the State of New York, but also to the Court of Appeals of the State. See Reed v. Lehman et al., 2 Cir., 91 F.2d 919, at page 921; Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324;

---

[1] Now Sec. 2281 of the Judicial Code of 1948.

Spielman Motor Sales Co., Inc., v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577.

Without passing, therefore, on the merits involved, sufficient appears to require the denial of plaintiff's motion, and the granting of the motion of the defendants to dismiss the complaint. Settle orders on notice.