116 F.Supp. 401 (1953)
LINEHAN et al.
v.
WATERFRONT COMMISSION OF NEW YORK HARBOR et al.
United States District Court, S. D. New York.
October 23, 1953.
*402 Brenner, Hannan & Murphy, New York City (George A. Brenner, New York City, of counsel), for plaintiffs.
Lawrence E. Walsh, Albany, General Counsel to Waterfront Commission of New York Harbor, for Waterfront Commission of New York Harbor and others.
Frank S. Hogan, Dist. Atty., New York County, New York City, pro se.
Charles W. Manning, Asst. Dist. Atty., New York County, New York City, of counsel, for Frank S. Hogan.
George B. DeLuca, Dist. Atty., Bronx County, New York City, pro se.
Nathaniel L. Goldstein, Atty. Gen. of New York, pro se.
Samuel A. Hirshowitz, Asst. Atty. Gen., of counsel, for Nathaniel L. Goldstein.
WEINFELD, District Judge.
The plaintiffs, the President and the Secretary-Treasurer of the union individually, and the union bring this action on behalf of themselves and all other individuals and labor organizations similarly situated to restrain the operation and enforcement of § 8, Part III of the recently enacted Waterfront Commission Act of New York State, Laws of 1953, C. 882, § 8, on the ground of constitutional infirmities both under the Constitution of the United States and the Constitution of the State of New York. Plaintiffs move to convene a three-judge statutory court pursuant to the provisions of 28 U.S.C. §§ 2281, 2284. Pending the hearing and determination of the action, they seek an interlocutory injunction and also a temporary restraining order.
The defendants include the Waterfront Commission of New York Harbor and its two members, the District Attorneys of the five counties of Greater New York and the Attorney General of the State of New York.
The defendants, pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C., move to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted because (1) it presents no actual controversy; (2) it fails to state a cause of action against the defendants; and (3) the Court lacks jurisdiction in equity.
The Waterfront Commission seeks dismissal on the additional ground that it and its members are not proper parties since they are not vested with enforcement powers with respect to the section under attack.
The Waterfront Commission Act, constituting Chapters 882 and 883 of the Laws of the State of New York, was enacted in compact with the State of New Jersey "for the elimination of criminal and corrupt practices in the handling of *403 waterborne freight within the port of New York district and the regularization of the employment of waterfront labor * * *." The Act is composed of three parts: Part I is the Compact; Part II contains implementing provisions of the Compact; and Part III, which contains § 8, is New York State legislation intended to take effect whether or not the Compact was approved by New Jersey. On August 16th, 1953, the Congress of the United States, acting under Article I, § 10, par. 3 of the United States Constitution, consented to so much of the legislation as is technically designated and constitutes the Compact between the State of New Jersey and the State of New York.
The particular provision here challenged is § 8, which in substance prohibits the collection of dues and other assessments by unions which have officers or agents who have been convicted of a felony. The relevant text of the section reads:
"§ 8. Collection of funds for unions having officers or agents who are felons. No person shall solicit, collect or receive any dues, * * * within the state from employees registered or licensed pursuant to the provisions of this act for or on behalf of any labor organization representing any such employees, if any officer or agent of such organization has been convicted by a court of the United States, or any state or territory thereof, of a felony unless he has been subsequently pardoned therefor by the governor * * * of the state or jurisdiction in which such conviction was had or has received a certificate of good conduct from the board of parole pursuant to the provisions of the executive law to remove the disability."
The statute contains no penalty provisions. However, § 29 of the Penal Law of New York, McK.Consol.Laws, provides:
"Where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor."
The individual plaintiff De Veau is the Secretary-Treasurer of the union and has been acting as such since 1950. The individual plaintiff Linehan is the President and at times also collects dues from union members.
In 1922, De Veau pleaded guilty in the Court of General Sessions, New York County, to the crime of attempted grand larceny in the first degree. Sentence was suspended and he was placed on probation for five years. He has never been pardoned by the Governor of the State nor has he ever received a certificate of good conduct from the Board of Parole of the State of New York. If he is within the embrace of the statute, neither he nor Linehan may collect dues on behalf of the union without subjecting themselves to a prosecution. The individual plaintiffs claim that the defendants propose to enforce the legislation promptly and vigorously and that if so enforced, they will suffer loss of their respective salaries as officers and their status as union officials. The union claims that unless plaintiffs are permitted to collect dues it will be deprived of its source of revenue, and its right to act as collective bargaining agent for its membership will be impaired, and the men will be deprived of their right of self-organization and of their right to join the labor organization of their choice. Plaintiffs further assert that if the statute is enforced all the plaintiffs and those similarly situated are in immediate danger of sustaining direct irreparable injury.
The complaint also alleges that except for De Veau, no other officer or agent of the plaintiff-union has ever been convicted of any felony. It is at once apparent that if De Veau is not a person who "has been convicted * * * of a felony" none of the plaintiffs is an aggrieved party.
At the threshhold of inquiry is the question of the power of the District Judge to consider and pass upon the various motions for dismissal of the complaint *404 without submitting them to a three-judge statutory court. The cases impress upon the single judge the duty to determine whether the jurisdictional bases for convening a three-judge statutory court exist.[1] Of course, plaintiffs should not be shunted easily away from the panel court.[2] But just as the District Judge is required to dismiss the complaint whenever it appears that there is want of a substantial federal constitutional question, so, too, where the complaint reveals a deficiency in asserting a basis for equitable relief the complaint must be dismissed.[3]
Plaintiffs, in challenging a state statute which invokes penal sanctions, are required to plead irreparable damage and special circumstances to warrant the extraordinary injunctive remedy against its enforcement by state officials.[4] "Unless the path is clear" the federal courts in equity will not interfere with the orderly operations of the state statute.[5] Plaintiffs have failed to meet the test.
First the complaint fails to allege any imminent prosecution against the individual plaintiffs. It is true that the complaint states that the district attorneys of the five counties in New York City and the attorney general intend to enforce the law promptly and vigorously, but this is insufficient to charge a threat of imminent prosecution and furnishes no ground for equitable relief.[6] Furthermore, even if there were a showing of imminent prosecution, this is not in and of itself sufficient. There must still be a showing that there is a danger of irreparable injury "both great and immediate."[7]
De Veau and the individual co-plaintiff are subject to prosecution only if De Veau is a person "convicted of a felony." The meaning of the words is in sharp dispute. The Attorney General of the State of New York, the constitutional officer charged with upholding the legislation,[8] takes the flat position that the statute does not apply to the plaintiff De Veau since he was not sentenced to a *405 prison term and consequently is not a person "convicted of a felony". At least one district attorney takes a contrary position. De Veau himself evidently believes that he falls within the ban of the statute.
The words "convicted of a felony" and "conviction" where a sentence has been suspended have been the subject of various rulings by the New York State Court of Appeals. The Court has adopted interpretations both to include and exclude those whose sentences have been suspended.[9] The State Court of Appeals has declared and reiterated:
"* * * `that the question whether the word "conviction" in any particular statute shall be taken to include a suspended sentence is one of legislative intention.' People ex rel. Marcley v. Lawes, 254 N.Y. 249, 254, 172 N.E. 487, 489. Again, we have said in People v. Fabian, 192 N.Y. 443, 449, 85 N.E. 672, 674, 18 L.R.A.,N.S., 684: `This use of the term ("convicted"), with varying meanings, even in the same statute, and extending right down to the immediate present, certainly demonstrates that there is no fixed signification which the courts are bound to adopt, and leaves us the utmost freedom of inquiry as to what was intended when the Legislature was empowered to disfranchise convicted citizens.'"[10]
Thus, it is far from clear that plaintiff De Veau is affected by the statute. If in fact he is not, he presents no ground, equitable or constitutional, to support jurisdiction in federal forums. Indeed, none of the plaintiffs whose claims necessarily rest upon De Veau's being a "convicted person" would have any standing to assert a claim of injury.
Finally, a ready remedy appears available to plaintiffs in the state court, where the initial question as to whether the Act covers De Veau can be determined.[11] If their decisions should prove to be wrong on federal grounds, a review may be had in the Supreme Court of the United States.[12]
In sum, the plaintiffs have clearly failed to establish any immediate likelihood of irreparable damage requiring the intervention of a court of equity; they have shown no basis for equitable relief in this Court. Accordingly, the motion to dismiss the complaint is granted.
The Court notes in passing that recent cases are in accord that where a state statute under consideration by the federal courts has not been previously interpreted by the courts of the state, and its application to the cause before the court is disputed, the federal courts in the exercise of discretion defer consideration to enable the state courts to pass upon the statute.[13] However, the disposition made herein requires no discussion of *406 this policy, nor of whether the District Judge should exercise such discretion without convening the three-judge statutory court. And, in view of the jurisdictional defect, the Court need not retain the case on the docket as is often done in cases involving only the exercise of this discretion.[14]
Settle order on notice.
NOTES
[1] Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Osage Tribe of Indians v. Ickes, 45 F.Supp. 179, affirmed 77 U. S.App.D.C. 114, 133 F.2d 47, certiorari denied 319 U.S. 750, 63 S.Ct. 1158, 87 L.Ed. 1704; Florida Power Corp. v. Pinellas Utility Board, 5 Cir., 181 F.2d 547; Blass v. Weigel, D.C., 85 F.Supp. 775; Acret v. Harwood, D.C., 41 F.Supp. 492; Carras v. Monaghan, D.C., 65 F.Supp. 658; Priceman v. Dewey, D.C., 81 F. Supp. 557; New Jersey Chiropractic Ass'n v. State Board, D.C., 79 F.Supp. 327; Farr v. O'Keefe, D.C., 27 F.Supp. 216; Pullen v. Patton, D.C., 19 F.Supp. 340; California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; United States v. Ericson, D.C., 102 F.Supp. 376; see also United States v. Ramsey, 271 U.S. 467, 46 S.Ct. 559, 70 L.Ed. 1039; Ex parte Hobbs, 280 U.S. 168, 50 S.Ct. 83, 74 L. Ed. 353.
[2] Ex parte Poresky, 290 U.S. 30, 31, 54 S. Ct. 3, 78 L.Ed. 152; Carras v. Monaghan, D.C., 65 F.Supp. 658, 661.
[3] Pullen v. Patton, D.C., 19 F.Supp. 340, 342; Priceman v. Dewey, D.C., 81 F. Supp. 557, 559; cf. Blass v. Weigel, D. C., 85 F.Supp. 775, 782-783.
[4] Douglas v. City of Jeannette, 319 U.S. 157, 163-164, 63 S.Ct. 877, 882, 87 L. Ed. 1324; Beal v. Missouri Pacific R. R. Corp., 312 U.S. 45, 49, 61 S.Ct. 418, 85 L.Ed. 577; Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 79 L.Ed. 1322; cf. American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873.
[5] Hawks v. Hamill, 288 U.S. 52, 61, 53 S. Ct. 240, 243, 77 L.Ed. 610.
[6] See Douglas v. City of Jeannette, 319 U.S. 157, 163-164, 63 S.Ct. 877, 882, 87 L.Ed. 1324; Beal v. Missouri Pacific R. R. Corp., 312 U.S. 45, 49-50, 61 S.Ct. 418, 85 L.Ed. 577; cf. Snowden v. Hughes, 321 U.S. 1, 10-12, 64 S.Ct. 397, 88 L.Ed. 497.
[7] Douglas v. City of Jeannette, 319 U.S. 157, 164, 63 S.Ct. 877, 881, 87 L.Ed. 1324; Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 79 L.Ed. 1322; Beal v. Missouri Pacific R. R. Corp., 312 U.S. 45, 47-50, 61 S.Ct. 418, 85 L.Ed. 577.
[8] New York Executive Law, § 71, 18 McKinney's Consol.Laws.
[9] Richetti v. New York State Board of Parole, 300 N.Y. 357, 90 N.E.2d 893, 894; Weinrib v. Beier, 294 N.Y. 628, 64 N.E. 2d 175; People ex rel. Marcley v. Lawes, 254 N.Y. 249, 172 N.E. 487; People v. Fabian, 192 N.Y. 443, 85 N.E. 672, 18 L. R.A.,N.S., 684.
[10] Weinrib v. Beier, 294 N.Y. 628, 631-632, 64 N.E.2d 175, 176; Matter of Richetti v. New York State Board of Parole, 300 N.Y. 357, 360, 90 N.E.2d 893.
[11] New York Civil Practice Act, § 473.
[12] See the statement of Judge A. N. Hand on the principles herein involved in Teeval Co. v. Dewey, D.C., 91 F.Supp. 891; see Douglas v. City of Jeannette, 319 U. S. 157, 163, 63 S.Ct. 877, 882, 87 L.Ed. 1324; and cases cited in footnote 13 infra.
[13] Shipman v. DuPre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877; American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873; Spector Motor Service, Inc., v. McLaughlin, 323 U. S. 101, 65 S.Ct. 152, 89 L.Ed. 101; Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 882, 87 L.Ed. 1324; City of Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Beal v. Missouri Pacific R. R. Corp., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; East Coast Lumber Terminal, Inc., v. Town of Babylon, 2 Cir., 174 F.2d 106, 8 A.L.R.2d 1219; Paris v. Metropolitan Life Ins. Co., 2 Cir., 167 F.2d 834; Teeval Co. v. Dewey, D.C., 91 F.Supp. 891; cf. Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741.
[14] See especially, Spector Motor Service, Inc., v. McLaughlin, 323 U.S. 101, 65 S. Ct. 152, 89 L.Ed. 101; American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873.