## O'ROURKE et al.
## v.
## WATERFRONT COMMISSION OF NEW YORK HARBOR et al.

United States District Court,
S. D. New York.

Jan. 30, 1954.

Henry A. Lowenberg, New York City, for plaintiffs, Jacob W. Friedman, New York City, of counsel.

Lawrence E. Walsh, General Counsel to Waterfront Commission of New York Harbor, New York City, for defendants, Whitman Knapp, David Simon, Arthur Brooks, New York City, of counsel.

WEINFELD, District Judge.

This action is another attack upon the Constitutionality of the Waterfront Com-

---

mission Act.[1] The particular section of the law challenged by these plaintiffs is Article V of the Act, which requires that pier superintendents and hiring agents who respectively supervise and select the longshoremen for hire must be licensed by the Waterfront Commission. The article further provides that an applicant may be denied a license when he (a) is found to lack good character and integrity, or (b) has, without subsequent pardon, been convicted of specified crimes (except that the Commission has discretion to remove the ineligibility of such convicted persons when warranted by the applicant's conduct for a period of at least five years), or (c) knowingly or wilfully advocates the desirability of overthrowing or destroying the Government of the United States by force or violence, or shall knowingly be a member of a group which so advocates. The Commission may not deny an application for a license without giving reasonable prior notice and an opportunity to the applicant to be heard, and its action in denying or suspending a license is subject to judicial review.

Substantially all of the constitutional infirmities here advanced were presented to, considered, and rejected by two statutory courts in two actions which sought to condemn other articles of the Waterfront Commission Act—those dealing with the registration of longshoremen under Articles VIII and IX [2] and the prohibition of public loading under Article VII.[3] In each instance the Three-Judge Statutory Court found the Act constitutional and dismissed the complaint.

Nothing is now presented by these new parties which requires a different conclusion in this action. There is only one provision in Article V of the Act which was not before the Court in the Linehan case: that which provides that at least five years must have elapsed since the completion of punishment or the suspension of sentence before a person convicted of enumerated felonies and misdemeanors is eligible for licensing as a pier superintendent or a hiring agent. This, of course, would be an automatic bar with respect to such a person during the five-year period. But, that provision of Article V does not affect either of the plaintiffs since neither one comes within the prohibited period. Plaintiff O'Rourke's punishment upon his convictions for various felonies terminated in 1938. Plaintiff Costello has been convicted of a misdemeanor not specified in the Act. Accordingly, with respect to each of them, the Commission at this time has discretion to grant or deny a license. In the Linehan case the discretionary power granted to the Waterfront Commission to refuse registration to a longshoreman based upon conviction of crime, as well as the other criteria specified in the Act, was held not to violate the Constitution and to be a reasonable exercise of the state's police power.

The further suggestion now advanced, that the Court reject the findings of the New York State Legislature and the report of the New York State Crime Commission and that it conduct its own independent factual inquiry to ascertain whether or not there is support for the legislation, is entirely without merit.[4] Not the slightest evidentiary proof has been submitted to raise any issue as to the validity of the findings or to bring them into question.

Since the rulings of the statutory courts in the Linehan and Staten Island cases establish that there is no substantial federal question, there is no basis upon which to convene a third statutory court.[5] Moreover, the complaint

---

1. New York Laws of 1953, c. 882.

2. Linehan v. Waterfront Commission of New York Harbor, D.C.S.D.N.Y., 116 F. Supp. 683.

3. Staten Island Loaders, Inc., v. Waterfront Commission of New York Harbor, D.C.S.D.N.Y., 117 F.Supp. 308.

4. See Staten Island Loaders, Inc., v. Waterfront Commission of New York Harbor, supra, 117 F.Supp. 308, 311.

5. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp. 179, affirmed 77 U.S.App.D.C. 114, 133 F.2d 47, certio-

**238**

discloses that neither plaintiff has applied for a license and been refused. Hence, apart from the lack of a substantial federal question, there is no showing of the need for equitable relief or that plaintiffs will suffer irreparable injury.[6]

The defendants' motion to dismiss under Rule 12(b) of Federal Rules of Civil Procedure, 28 U.S.C.A. is granted.

Settle order on notice.

rari denied 319 U.S. 750, 63 S.Ct. 1158, 87 L.Ed. 1704; Florida Power Corp. v. Pinellas Utility Board, 5 Cir., 181 F.2d 547; Waddell v. Chicago Land Clearance Commission, 7 Cir., 206 F.2d 748.

6. Pullen v. Patton, D.C., 19 F.Supp. 340, 342; Priceman v. Dewey, D.C., 81 F. Supp. 557, 559; Linehan v. Waterfront Commission of New York Harbor, D.C., 116 F.Supp. 401; cf. Blass v. Weigel, D. C., 85 F.Supp. 775, 782-783.