■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD GORDON, Also Known as EDWARD SCOTTALINE, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court at Special Term in Clinton County which denied relator's application for a writ of habeas corpus. Upon conviction of a felony, relator was sentenced to additional punishment as a second offender, by reason of a prior felony conviction upon which the execution of sentence was suspended. A conviction upon which sentence or the execution thereof is suspended subjects a subsequent offender to increased punishment as a second offender (Code Crim. Pro., § 470-b), but may not be used to constitute him a third or fourth offender (*People* v. *Shaw,* 1 N Y 2d 30; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249). In this state of the law, relator contends that section 470-b, providing that for purposes of conviction of a second offense a prior plea or verdict and suspension of sentence or of the execution thereof " shall be regarded as a conviction " is invalid as violating the Fourteenth Amendment to the Constitution of the United States. In no sense, however, does the statute deny equal protection or abridge any privilege or immunity since all persons convicted after one or any number of previous convictions upon which sentence or the execution thereof shall have been suspended are subject to the same provision respecting punishment, which is not, in any part, for the prior offense or offenses, which serve merely to attach " ' a greater degree of criminality ' " to the new crime. (*People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132, 135, cert. denied 317 U. S. 625.) The equality of treatment continues, of course, if and when second offenders become third and fourth offenders and, contrary to the theory underlying relator's application, no suggestion of any abridgment of privilege or immunity is to be found in the circumstance that if a second offender, upon whose first offense sentence was suspended, is again convicted he is again treated, for the purpose of punishment, as but a second offender nor in the fact that upon still another conviction he is deemed a third offender instead of becoming, by reason of the prior offense for which sentence was suspended, a fourth offender. Greater severity than that now prescribed in the punishment of offenses subsequent to the second actual offense would in no way benefit relator and under the existing system he has been deprived of no right. In short, there is, under the law, no possible situation whereby a second offender, within the meaning of section 470-b, could become subject to a greater measure of punishment than that imposable upon any other multiple offender. Order unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.