THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW O'SUTCH, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent.

Fourth Department, June 30, 1961.

*Kurt Weissheimer* for appellant.

*Louis J. Lefkowitz, Attorney-General (Joseph J. Rose* of counsel), for respondent.

*Per Curiam.* At the time of the hearing before the County Court, the relator was serving under two sentences, one as a third offender imposed by the Columbia County Court on June 28, 1943, and the other as a fourth offender imposed by the Erie County Supreme Court on March 2, 1956. The relator contended that his sentence as a third offender was void because of failure to comply with section 1943 of the Penal Law and that therefore it could not be used as a basis for a sentence as a fourth felony offender and hence that the latter sentence was also void. The Wyoming County Court should have taken proof as to whether section 1943 had, in fact, been complied with and should have made a factual determination of that issue. Instead the court dismissed the writ.

The Attorney-General raises no question as to the propriety of habeas corpus to bring up the question of compliance with section 1943. On the contrary, he affirmatively states in his brief: " We readily concede that the relator is entitled to a writ of *habeas corpus* to attack the validity of the 1943 *sentence,* upon the grounds that he was not duly arraigned upon the information, in violation of Penal Law, § 1943 at the time that

sentence was imposed '' (p. 6 of Attorney-General's brief in this court). The Attorney-General maintains, however, that the petitioner has not properly raised the question of whether section 1943 had been complied with. He points out that the petition alleged that no information charging the relator with prior felony convictions had been filed against him in 1943, and he argues that the petition should be limited solely to that issue and, since it now appears that an information had been filed, the petition should be dismissed and the relator should be required to institute a new habeas corpus proceeding to raise the question of whether he had been properly arraigned upon the information and had been advised of his rights in accordance with section 1943. We think that this takes too narrow a view of the petition. In our opinion, the petition is broad enough in scope to raise the whole question of compliance with section 1943. It therefore follows, upon the basis of the Attorney-General's own concession, that the proceeding must be remitted to the Wyoming County Court for a factual inquiry and a factual determination as to whether section 1943 had been complied with (*People ex rel. Bartlam* v. *Murphy,* 9 N Y 2d 550). If it is found that the section had not been complied with, the relator will have to be remanded to the Columbia County Court for resentencing. '' The court's failure to comply with any one of the several code provisions relating to the judgment and its pronouncement * * * would, as the relator urges, entitle him to remand for resentencing '' (*People ex rel. Vischi* v. *Martin,* 8 N Y 2d 63, 66).

There is an additional point, not raised by the Attorney-General, which requires discussion. As has been indicated, at the time of the Wyoming County Court hearing, the relator was serving under the third offender sentence imposed by the Columbia County Court as well as under the fourth offender sentence imposed by the Erie County Supreme Court. However, it appears from a computation by the Department of Correction submitted as an appendix to the Attorney-General's brief (apparently as a matter of information and not as the basis of any motion) that the third offender sentence expired on January 29, 1961, and that the relator is now serving solely under the fourth offender sentence. Notwithstanding this fact, we believe that, since the relator was serving under the third offender sentence at the time the proceeding was heard in the Wyoming County Court, the propriety of that court's disposition of the proceeding should be determined upon this appeal. Furthermore, the question of the validity of the third

offender sentence has a direct bearing on the validity of the fourth offender sentence under which the relator is now imprisoned. This case is distinguishable from the cases in which it has been held that where a habeas corpus proceeding is brought by a prisoner serving under a second offender sentence, the validity of an expired first felony sentence need not be inquired into because its invalidity would have no effect upon the second offender sentence (*People ex rel. La Shombe* v. *Jackson,* 7 N Y 2d 345; *People ex rel. Emanuel* v. *McMann,* 7 N Y 2d 342; *People ex rel. Egitto* v. *Jackson,* 7 A D 2d 808, motion for leave to appeal denied 5 N Y 2d 711, cert. denied 360 U. S. 906). The reasoning of these cases is that one may be sentenced as a second offender under section 1941 of the Penal Law upon the basis of a prior conviction of a felony, regardless of the validity of the sentence therefor. However, with respect to a sentence as a fourth offender, this reasoning is not applicable. Under section 1942 of the Penal Law, one can be punished as a fourth offender only if there are three prior valid sentences of imprisonment upon three prior felony convictions. Thus, for example, a conviction which was followed by a suspended sentence cannot be counted as one of the prior felonies (*People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249). It is therefore apparent that the validity of the relator's Columbia County sentence is not academic. If that sentence is found to be invalid, the present fourth offender sentence will also have to be held invalid. Of course, if the relator is properly resentenced in Columbia County to a term of imprisonment, he may thereafter be resentenced as a fourth offender. It should also be noted that a resentence is not merely an academic matter, even if the same term of imprisonment is imposed as that imposed by the original sentence, in view of the fact that the resentence starts the time to appeal running anew (*People* v. *Hairston,* 10 N Y 2d 92, affg. 12 A D 2d 721).

The order dismissing the writ of habeas corpus should therefore be reversed and the matter remitted to the Wyoming County Court for further hearing.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ.

Order unanimously reversed and matter remitted to Wyoming County Court for further hearing in accordance with the opinion.