**John Francis BISTRICK, Jr., a Minor over the age of Fourteen (14) years, by his Duly Appointed and Acting Guardian ad Litem, John Francis Bistrick, Sr., Plaintiff,**

v.

**The UNIVERSITY OF SOUTH CAROLINA, Defendant.**

**Civ. A. No. 70–905.**

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 11, 1970.

Jack F. McGuinn, Patrick E. Treacy, Columbia, S. C., for plaintiff.

Daniel R. McLeod, Atty. Gen. of So. Carolina, Michael W. Tighe, Asst. Atty. Gen., for defendant.

## ORDER

HEMPHILL, District Judge.

The plaintiff in this action has been suspended from the University of South Carolina for the part he allegedly played in serious disturbances on the campus of that institution in May, 1970. The relief sought is a writ of mandamus directing his reinstatement in the University, temporary and permanent injunctions restraining the defendant from further violation of his civil rights, and a declaratory judgment defining his rights under University disciplinary procedures.

Plaintiff, who rides the vehicle of civil rights to bring himself into the Federal forum, states in paragraph 5 (page 3) of the section of his complaint entitled "Jurisdiction":

5. This action also arises under the provisions of United States Code Annotated Title 28, Sections 2281, 2283, and 2284, this being a suit to have convened a statutory court of three judges for the purpose of hearing and adjudging this cause and to have issued preliminary and permanent injunctions and an order of mandamus.

This court considers this as a request that a statutory court of three judges be convened.

Four days after the filing of the complaint, the Attorney General of South Carolina filed for defendant a motion that this court refuse to convene a United States District Court of three judges "upon the ground that the complaint does not contain any allegation sufficient to warrant the convocation * * *."[1]

A district judge to whom an application is made for the convening of a three-judge District Court is charged with making a preliminary determination as to whether a "substantial federal question" exists that necessitates the convening of a three-judge district court. Idlewild Bon Voyage Liquor Corp. v. Rohan (CCA 2 1961), 289 F.2d 426, 428, citing Bell v. Waterfront Commission of New York Harbor (CCA 2 1960), 279 F.2d 853. See also J. B. Schermerhorn, Inc. v. Halloman (CCA 10 1934), 74 F.2d 265; Pullen v. Patton (D.C.Tex.1937), 19 F.Supp. 340; Live-

1. 28 U.S.C. § 2281 provides:

*Injunction against enforcement of State statute; three-judge court required.* An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

right v. Joint Committee of General Assembly of State of Tenn. (D.C.Tenn. 1968), 279 F.Supp. 205; McManigal v. Simon (CCA 7 1967), 382 F.2d 408. But request for appointment of a three-judge court calls for more than a mere ministerial or procedural act. McReynolds v. Christenberry (D.C.N.Y. 1964), 233 F.Supp. 143. And a trial judge, convinced that there is no cause for such convening can refuse. Independent Gin & Warehouse Co. v. Dunwoody (D.C.1928), 30 F.2d 306. A three-judge federal district court is not required where a cause does not present a substantial federal question. Eason v. Dickson (CCA 9 1968), 390 F.2d 585. Offermann v. Nitkowski (CCA 2 1967), 378 F.2d 22. Flamm v. Hughes (CCA 2 1964), 329 F.2d 378. If a substantial federal question is presented the three judge court must be convened. Telephone News System, Inc. v. Illinois Bell Telephone Co. (D.C.Ill.1962), 210 F.Supp. 471, affirmed 376 U.S. 782, 84 S.Ct. 1134, 12 L.Ed.2d 83.

█ In deciding whether to request the convening of a three-judge court, the district judge to whom the petition is made must rest his conclusion on the law as he understands it and the allegations of the complaint. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). His jurisdiction to consider the merit of the factual allegations, if indeed he has such competence, is very severely limited.

The complaint herein states four causes of action. As understood by the court these causes may be summarized as follows. The first cause of action alleges that the Board of Trustees of the defendant established certain rules and regulations for the governing of student conduct and procedures for consideration of student violation of those regulations. It is alleged that the regulations concerning the procedure to be followed when student misconduct is charged have the force of state statutes and that they provide substantial safeguards of the rights of students requiring a full hearing on the matter, written

notice to the student of the charge, right to counsel, etc. It is further alleged that in taking the action complained of by the plaintiff herein, the University, acting through its Board of Trustees, disregarded its own regulations concerning disciplinary procedure, and that the action taken by the defendant resulted in the denial of numerous of the plaintiff's constitutional rights and results in his continuing and irreparable injury.

The second cause of action restates the allegations of the first cause and further states that the actions of the defendant were taken to chill the exercise of the plaintiff's First Amendment rights.

The third cause of action reincorporates the allegations of the first two causes of action, further stating that the plaintiff was denied several additional constitutional rights.

The fourth cause of action realleges the allegations of the first three causes of action and added the allegation that the plaintiff's rights under the Fourteenth Amendment were denied because only a minority of the students in his situation were permanently suspended.

█ The defendant has moved that a three-judge court not be convened upon the grounds that the allegations of the complaint do not raise questions properly within the scope of 28 U.S.C. Section 2281. This court realizes that if the petition raises issues properly within the cognizance of a three-judge court it has no power to consider the matter upon its merit other than to determine whether there is substance to the constitutional questions raised (cases cited supra). However, the district court has the duty, prior to requesting that a three judge court be convened, to determine whether the questions raised are within the jurisdiction of a three judge court. e. g. Carrigan v. Sunland-Tujunga Telephone Co., 263 F.2d 568 (9th Cir. 1959), cert. den. 359 U.S. 975, 79 S.Ct. 893, 3 L.Ed. 2d 841 (1959).

It is not alleged that the statutes of the State of South Carolina creating

**196**

regulations and empowering the Board of Trustees of the University [2] are unconstitutional. Section 22–104 of the South Carolina Code gives the Board of Trustees power to make all rules and regulations necessary and proper for the operation of the University. In exercise of this power, the University published student rules and regulations for 1969/1970, a copy of which were included with and incorporated by the complaint. These regulations established disciplinary procedures to be followed in the event of alleged misconduct by students. It is not alleged that these regulations or the procedures outlined therein resulted in the denial of the plaintiff's constitutional rights. Rather the dissatisfaction of the plaintiff arises from the alleged disregard of these procedures in the plaintiff's case.

As understood by this court the plaintiff does not assert that any state statute or administrative regulation is unconstitutional. His grievance is rather that the actions of the Board of Trustees and the University administration in considering his alleged misconduct resulted in the denial of his constitutional rights. The alleged denial of those rights was not the result of any state statute or administrative regulation, rather the disregard by the Board of its regulation. This being the case, it appears that a three-judge court may not be summoned. The Supreme Court made clear in Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941) that the unlawful act of a state official may not be attacked in a three-judge court unless the challenge to the act is directed explicitly and necessarily at a state statute or regulation authorizing or requiring the act. In that case the United States sought to enjoin the Governor of Oklahoma from interfering with construction by the United States of a dam. The United States in its complaint did not charge the statute conferring upon the Governor the power to de-

clare martial law with unconstitutionality. The charge was that the Governor's action exceeded the bounds of law and restraint not of a statute but of an executive act was sought. It was held that a three-judge court was not proper. That decision is controlling in this case and makes it unnecessary to consider the numerous other cases which have reached the same result. [3]

Therefore, the request for the summoning of a three-judge court in accordance with 28 U.S.C. Sections 2281 and 2284 must be denied. The allegations of the complaint appear to state a cause of action within the jurisdiction of the district court, therefore only such part of the complaint as calls for a three-judge court will be dismissed hereby, and the remaining allegations must be heard upon the merits in due course. The court will also entertain motions for preliminary orders *pendente lite*.

And it is so ordered.

2. S.C.Code Ann. §§ 22–101 to 22–108 (1962).

3. E. g. Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940).