**Pauline ISRAEL, Plaintiff,**

v.

**CITY RENT AND REHABILITATION ADMINISTRATION OF the CITY OF NEW YORK, John F. Lindsay, as Mayor of the City of New York, Nelson A. Rockefeller, Governor of the State of New York, and Individually, John T. O'Neill, Commissioner of the Department of Buildings of the City of New York, F. S. Berman, Commissioner of the City Rent and Rehabilitation Administration, and Criminal Courts of the City of New York, Defendants.**

**No. 68 Civ. 2050.**

United States District Court
S. D. New York.

June 27, 1968.

Gene Crescenzi, New York City, for plaintiff.

J. Lee Rankin, New York City, for defendants Hon. John V. Lindsay, Mayor, etc. and John T. O'Neill, Commissioner, etc.; by James Nespole, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., for defendants Nelson A. Rockefeller, Governor, etc. and Criminal Court of the City of New York; by Samuel A. Hirshowitz, and Irving L. Rollins, New York City, of counsel.

Gerald J. Turetsky, New York City, for defendants City Rent and Rehabilitation Administration of the City of New York, and Frederic S. Berman, Commissioner of the City Rent and Rehabilitation Administration; by Harry Michelson, New York City, of counsel.

Milbank Tweed, Hadley & McCloy, New York City, for defendant Nelson A. Rockefeller, individually; by Edward J. Reilly and Russell E. Brooks, New York City, of counsel.

OPINION

POLLACK, District Judge.

This action challenges the constitutional validity of enforcement of the New York City Rent Control Laws.

The plaintiff's complaint alleges that she is the owner of rent controlled residential property in New York City and asserts that she sues on her own behalf, on behalf of other landlords, on behalf of tenants of rent controlled properties and on behalf of tenants of "over-occupied premises". She claims that the City Rent Control Law violates her constitutional and other rights as indicated hereafter.

The defendants include the Governor of the State of New York in his official and individual capacities, the Mayor of the City of New York, the New York City Commissioners of the Department of Buildings and of City Rent and Rehabilitation and the Criminal Courts of the City of New York.

The plaintiff moves for a temporary restraining order and preliminary injunction and to convene a three Judge Court in respect of her claims that the rent control laws and regulations of New York City are invalid and deny the plaintiff and her class the equal protection of the law, their civil rights and the constitutional guarantees under the XIV Amendment. In connection therewith the plaintiff would have the Court enjoin the enforcement of the Multiple Dwelling Law on rent controlled housing accommodations, and require New York City to forgive past due taxes on rent controlled premises and abate future taxes thereon, and enjoin the Criminal Courts of the City of New York from enforcing the Multiple Dwelling Law against the plaintiff's violations, and require the City and State of New York to pay damages.

The defendants move to dismiss the complaint herein on the grounds that the Court lacks jurisdication over the subject matter, F.R.Civ.P. 12(b) (1), and that the complaint fails to state a claim

upon which relief can be granted, F.R. Civ.P. 12(b) (6).

The defendants oppose the convening of a three Judge Court, contending that the rent control statute is only of local application and consequently not within the purview of 28 U.S.C. § 2281 *et seq.* and that no substantial federal question is presented as to the Multiple Dwelling Law.

Plaintiff contends that the State rent control enabling Act and Local Law 20 which continues rent control in New York City violate the following of her constitutional rights:

Due process of Law (XIV Amendment, U.S. Constitution, Article I, § 6, N.Y. Constitution); equal protection of the laws (XIV Amendment, U.S. Constitution, Article I, § 11, N.Y. Constitution); taking property without compensation (Article I, § 7, N.Y. Constitution); impairment of obligations of contract (Article I, § 10, U.S. Constitution). In addition, plaintiff invokes the Civil Rights statutes (18 U.S.C. § 242; 28 U.S.C. § 1343; 42 U.S.C. § 1983). No other grounds for federal jurisdiction are alleged.

■ The constitutionality of the Rent Control Statute is well settled. The statute does not violate due process (Bowles v. Willingham, 321 U.S. 503, 517, 64 S.Ct. 641, 88 L.Ed. 892 (1944)); equal protection (Woods v. Cloyd W. Miller Co., 333 U.S. 138, 145, 68 S.Ct. 421, 92 L.Ed. 596 (1948)); taking of property without compensation (Teeval Co. v. Stern, 301 N.Y. 346, 362, 93 N.E. 2d 884, cert. den. 340 U.S. 876, 71 S.Ct. 124, 95 L.Ed. 637 (1950)); impairment of contract rights (Marcus Brown Holding Co. v. Feldman, 256 U.S. 170, 198, 41 S.Ct. 465, 65 L.Ed. 877 (1920) ); see generally, Lincoln Building Associates v. Barr, 1 N.Y.2d 413, 153 N.Y.S.2d 633, 135 N.E.2d 801 (1956), appeal dismissed for want of substantial federal question, 355 U.S. 12, 78 S.Ct. 12, 2 L.Ed.2d 20 (1957).

■ No substantial federal question is presented as to the continuation of

the emergency giving rise to rent control legislation. The determination to that effect by the City Council, dated March 17, 1967, is not without basis in fact, nor is it arbitrary.

Insofar as the plaintiff seeks relief under the civil rights statutes from any government body or agency, the claim is barred. (Fisher v. City of New York, 312 F.2d 890 (2d Cir.), cert. den., 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051 (1963)). Further, the allegations concerning violation of the civil rights statutes are conclusory and argumentative.

"A complaint in a case like this must set forth facts showing some intentional and purposeful deprivation of constitutional rights. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497 (1944). This complaint does contain some general allegations * * * that defendants * * * conspired to deprive plaintiff of * * * rights. But plaintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. * * * This plaintiff has not done." Powell v. Workmen's Compensation Board of State of New York, 327 F.2d 131, 137 (2d Cir. 1964).

No three Judge Court is required with respect to plaintiff's constitutional attack on the Rent Control Statutes. The enabling Act specifically vested authority in the City of New York to operate Rent Control, and that program is operated entirely by officials of the City.

A three Judge Court is required to be convened only where an injunction is sought restraining enforcement of a state law by "any officer of such State". (28 U.S.C. § 2281). A three Judge Court is not convened to consider "local ordinances or statutes having only local application". City of Cleveland v. United States, 323 U.S. 329, 332, 65 S.Ct. 280, 281, 89 L.Ed. 274 (1945). "[A]l-though the constitutionality of a statute is challenged, the defendants are local officers and the suit involves matters of interest only to the particular municipality [e.g., New York City] . . . involved." Ex parte Collins, 277 U.S. 565, 568, 48 S.Ct. 585, 586, 72 L.Ed. 990 (1928).

As to that portion of the complaint which seeks to enjoin enforcement of the Multiple Dwelling Laws by the Criminal Courts of the City of New York, a State agency, there exists no substantial federal question vesting this court with requisite jurisdiction to convene a three Judge Court. A federal court of equity is ordinarily without jurisdiction to restrain criminal prosecutions. There is no showing of irreparable injury, and there is no showing that a full and adequate remedy does not exist under the laws of the State of New York. Cline v. Frink Dairy Co., 274 U. S. 445, 47 S.Ct. 681, 71 L.Ed. 1146 (1927).

The complaint fails to allege facts constituting extraordinary circumstances, such as threatened prosecution, or a "chilling effect" on the exercise of the plaintiff's constitutional rights. In fact, the gravamen of her constitutional claim is that the Multiple Dwelling Law imposes criminal penalties on landlords in the absence of any affirmative acts on their part.

No substantial federal question is presented under any of the constitutional provisions or statutes cited and this Court lacks jurisdiction over the subject matter of the complaint. The complaint fails to state a claim on which relief can be granted; it fails to set forth facts; it sets forth only a series of conclusory charges devoid of factual content lacking legal significance. The complaint is dismissed.

The motions of the defendants are granted and the plaintiff's motions are denied.

So ordered.