SOMERSET–WILSHIRE APTS., INC., on behalf of itself and all other similarly situated owners of real property in the City of New York, Plaintiff,

v.

John V. LINDSAY, as Mayor of the City of New York; Jason D. Nathan, as Administrator of the Housing and Development Administration of The City of New York; and the City of New York, Defendants.

No. 69 Civ. 1961.

United States District Court
S. D. New York.

July 29, 1969.

Abraham Engelman, New York City, for plaintiff; Jacob W. Friedman, New York City, of counsel.

J. Lee Rankin, Corporation Counsel, New York City, for defendants; James Nespole, Asst. Corporation Counsel, Harry Michelson, Asst. Counsel, Office of Rent Control, of counsel.

## OPINION

McLEAN, District Judge.

This is an action for a judgment declaring Local Law No. 16 of 1969 of the City of New York unconstitutional and enjoining its enforcement. Plaintiff moves for a preliminary injunction.

Local Law No. 16 was passed by the Council of the City of New York on April 24, 1969 and approved by the Mayor on May 6, 1969. It was filed in the Office of the Secretary of State of New York on May 12, 1969 and became effective on that date. New York Municipal Home Rule Law § 27(3). It is referred to as the New York City Rent Stabilization Law of 1969. It amends Chapter 51 of the Administrative Code of the City of New York by adding thereto a new Title YY entitled "Rent Stabilization."

In substance, this law provides for rent control of Class A multiple dwellings containing six or more dwelling units which have not previously been subject to rent control for various reasons, primarily because they were erected after February 1, 1947. It excepts cooperatives, condominiums, hotels and certain other structures not material here. The law authorizes the formation of a "real estate industry stabilization association" having as members the owners of not less than 40 per cent of the dwelling

units covered by the law. The association may apply to the Housing and Development Administration of the City of New York for registration. The application shall not be accepted unless the association has, among other things, adopted a code providing for rent ceilings within certain specified maximums. Any owner of dwelling units subject to the law may become a member of the association within thirty days after its registration.

The law offers an incentive to a landlord to join the association. If he does, he is entitled to raise his rents within the limits prescribed by the statute and the Code. These limits permit the landlord to increase his rents somewhat over the rental charged on May 31, 1968. The amount of the permissible increase varies depending upon the length of the lease and whether the tenant is old or new. The incentive to join lies in the fact that if the landlord does not join, he becomes subject to control under the rent control laws existing before Local Law No. 16 was enacted, and in that event, Local Law No. 16 provides that the city rent agency shall establish the maximum rent as the rent charged on May 31, 1968. Thus, if the landlord does not join the association, he is not entitled to any increase over the rent then in effect.

Announcements in the public press subsequent to the argument of this motion reveal that an association has been formed having the requisite membership, that it has adopted a code and that its application for registration was accepted by the Administrator of the Housing and Development Administration on July 12, 1969.

Local Law No. 16 contains findings made by the New York City Council as to the "serious public emergency" which made the enactment of this law necessary. Among other things, the Council found that many owners of uncontrolled dwellings have been demanding exorbitant and unconscionable rent increases, that such increases have been exacted under stress of prevailing conditions of inflation and of an acute housing shortage in New York, and that such increases have caused severe hardships to tenants and have caused the "uprooting" of "long-time city residents from their communities."

The affidavit of the Administrator submitted in opposition to this motion describes the investigations, studies and reports which preceded the enactment of Local Law No. 16 and which provided a basis for the findings of the Council. These studies include a report of the Census Bureau of the United States Department of Commerce, a report to the Mayor of an investigation made at his direction by the New York City Housing and Development Administration and the Department of Consumer Affairs, and a report of a Rent Guideline Board appointed by the Mayor. These studies support the conclusion that an emergency exists which can be met only by some sort of rent control over buildings not previously controlled. Although plaintiff challenges the accuracy of this conclusion, it offers no evidence to rebut it.

Plaintiff is a landlord. It owns an apartment house in Queens containing 67 dwelling units which are covered by Local Law No. 16. As far as appears, plaintiff has not joined the association. Its time to do so has not yet expired.

Plaintiff asserts that Local Law No. 16 infringes Article I, Section 10 of the United States Constitution, and the Fifth, Ninth and Fourteenth Amendments thereto. Plaintiff contends that the law impairs the obligations of contract, takes private property without compensation, and deprives plaintiff of its property without due process of law. Plaintiff cites no pertinent authority in support of those propositions. Similar contentions with respect to rent control legislation have been uniformly rejected. See Judge Pollack's recent opinion in Israel v. City Rent & Rehab. Admin. of City of New York, 285 F.Supp. 908 (S.D.N.Y.1968) in which the cases are collected.

While it may be true that the form of control provided for in Local Law No. 16, *i. e.*, control through a voluntary or quasi-voluntary industry association, is novel, the court does not consider this to be a sufficient ground for distinguishing the cases which have upheld other forms of rent control. Whether or not this type of control is authorized by the State enabling act (Laws 1962, Chapter 21, McKinney's Unconsolidated Laws § 8601 *et seq.*) is a question of state law, not a federal constitutional question. The court concludes, therefore, that there is little likelihood of plaintiff's eventual success in this action. Under such circumstances, a preliminary injunction should not issue.

The same conclusion is reached when we consider the relative hardship which would result from the granting or denying of a preliminary injunction. It is reasonable to believe that to enjoin the enforcement of Local Law No. 16 at this time would create a chaotic situation in the New York City real estate market. To refuse to enjoin it, on the other hand, will cause no real hardship to plaintiff. It is true that plaintiff will be called upon to decide whether or not to join the association. Presumably it will join, since the advantage of doing so is obvious. But joining the association under these circumstances will not, in the court's opinion, estop plaintiff from continuing its attack upon the local law in this action. Plaintiff has thus failed to establish irreparable injury.

Although defendants have said that they intend to move to dismiss this action for failure to state a claim, they have not done so. No such question is now before the court and the court does not pass upon it.

Pursuant to Rule 52(a), this opinion constitutes the court's findings of fact and conclusions of law.

The motion is denied.

So ordered.