■ BEDFORD BUILDING CO., INC., et al., Appellants, v. ABRAHAM BEAME, Individually and as Mayor of the City of New York, et al., Respondents, and ISADORE UNTERBERG et al., Intervenors-Respondents.— Order and judgment (one paper), Supreme Court, New York County, entered on August 2, 1974, unanimously modified, on the law and the facts, without costs and without disbursements, to direct the respondents-respondents to complete processing of landlord applications for Maximum Base Rent (MBR) relief on behalf of those landlords in the class represented by the petitioners, by a date one month from the service of the order determining this appeal with notice of entry, and as to those landlords in that class not furnished with MBR orders by that date, interim orders authorizing them to collect up to 7½% increases as provided in Local Law No. 30 of 1970 of the City of New York should issue, subject to refund by them of such increases if MBR final orders are ultimately denied to them. The court at Special Term noted that the class of landlords, petitioners, is the same as that detailed in the prior MBR litigation, when the City Rent Agency failed to issue MBR orders for 1972, which led to their being held in contempt of court. (See *Matter of Benson Realty Corp.* v. *Walsh,* 73 Misc 2d 889; 71 Misc 2d 339, app. dsmd. 40 A D 2d 592.) The landlords involved have prima facie complied with all of the conditions precedent necessary for eligibility for MBR increases effective January 1, 1974, such as having corrected or being free of violations, certifying that they are maintaining essential building services, and certifying that they have expended or incurred 90% of the total amount of the cost index for operation and maintenance established for that type of building. (See *Matter of 89 Christopher* v. *Joy,* 44 A D 2d 417.) Having thus seemingly complied with the necessary requirements, they await action by the City Rent Agency, which seems once again (if not still) enmeshed in administrative and operational complications, which it is claimed prevent issuance of the necessary orders. The court at Special Term denied the petition without prejudice to a new proceeding after August 30 in order to give the respondents additional time to make whatever adjustments were necessary in their procedure in order to comply. However, they claim still not being able to do so for a very substantial number of landlords in the class of the petitioners. Under the circumstances, in order to avoid turmoil in the housing industry and to enable landlords to maintain their buildings and to avoid large retroactive payments by tenants, an interim order is warranted. Further, we have heretofore affirmed without opinion a denial of a fuel cost increase pass-along from landlords to tenants where the City Rent Agency contended that the MBR increase was to cover such increased expenditures. (*Hinckley Realty Corp.* v. *Wilson,* 45 A D 2d 819.) Concur — Kupferman, J. P., Murphy, Tilzer and Lane, JJ.

■ In the Matter of C. JAMES LOMBARDI, Petitioner, v. EDWARD R. DUDLEY, as Assistant Administrative Judge, et al., Respondents.— Application in the nature of a writ of mandamus and for other relief unanimously denied, the cross motions granted, and the petition dismissed, without costs and without disbursements. No opinion. Concur — McGivern, P. J., Nunez, Kupferman and Murphy, JJ.

■ In the Matter of JOHN N. GRIGGS, JR., an Attorney.— Motion for reinstatement granted only to the extent of directing that respondent's record be submitted to the Committee on Character and Fitness for Admission to the Bar for review and consideration and holding all further proceedings in abeyance until receipt of the report of said committee. Concur — Markewich, J. P., Murphy, Steuer and Tilzer, JJ.