TONWAL REALTIES, INC., et al., Plaintiffs,

v.

Abraham BEAME, as Mayor of the City of New York, et al., Defendants.

No. 75 Civ. 1285.

United States District Court, S. D. New York.

Jan. 8, 1976.

Fellner & Rovins, New York City, for plaintiffs; Wynne B. Stern, Jr., New York City, of counsel.

W. Bernard Richland, Corp. Counsel, New York City, for Municipal Defendants; Norman Kapp, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., for defendant Carey; Daniel M. Cohen, New York City, of counsel.

Harold Zucker, New York City, for defendant Goodwin; Daniel M. Cohen, New York City, of counsel.

Berger, Kramer & Levenson, New York City, for intervenor defendants;

Robert Sugarman, New York City, of counsel.

WARD, District Judge.

Defendants Abraham Beame, Mayor of the City of New York, Roger Starr, Administrator of the Housing and Development Administration of New York City, Daniel W. Joy, Commissioner of the Department of Rent and Housing Maintenance of New York City, and City Rent Agency ("the municipal defendants"), Hugh Carey, Governor of the State of New York, Lee Goodwin, Commissioner of the New York State Division of Housing and Community Renewal ("the state defendants") and defendant-intervenors Metropolitan Council on Housing and Esther Rand ("Metropolitan Council") move, by three separate motions, for dismissal of the complaint in this action pursuant to Rule 12, Fed.R. Civ.P., for failure to state a claim and for lack of subject matter jurisdiction.

Plaintiffs Tonwal Realties, Inc., Waltwood Realty, Inc., Huxbert Realty Company, Wendy Building Corp., Bernard Axelrod, Carlin Axelrod, Barmat Realty Co., 205 East 69th Street Corp., and Bryant Westchester Realty Corp. ("Realties") move for an order pursuant to Rule 23, Fed.R.Civ.P., declaring that this action is properly maintainable as a class action. The municipal defendants cross-move for dismissal of the action as a class action with respect to money damages relying upon Rule 23(c)(1), Fed.R. Civ.P., and subdivision (d) of Rule 11A of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Metropolitan Council cross-moves under Rule 19(b), Fed.R.Civ.P., for dismissal of the complaint for failure to join the tenants of the plaintiffs who are landlords as indispensable parties-defendants. For the reasons hereinafter stated, the motions and cross-motions are denied without prejudice.

This action seeks to challenge "Rent Control" in the City of New York. Plaintiffs request injunctive relief and a judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57, Fed.R.Civ.P., declaring that state and city statutes and regulations controlling New York City residential housing are unconstitutional both *ipso facto* and as administered by the municipal and state defendants. The jurisdiction of this Court is invoked based upon 28 U.S.C. § 1343(3) and (4) since plaintiffs claim abridgement of rights protected by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. § 1983.

■ At the outset, it should be noted that the presence of a wrong does not necessarily mean that a federal judicial remedy exists. The federal courts are hesitant to enter the thicket of local politics or to encroach upon matters legitimately within the purview of local administrative agencies. Rent control, in both theory and practice, presents complex and troublesome questions. For example, plaintiffs' papers are replete with commentary from the media exploring the relationship between rent control and New York City's fiscal crisis.

Where issues of overriding state and local concern predominate, federal courts, relying upon *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and *Alabama Public Service Comm. v. Southern R. Co.*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951), have often seen fit to abstain. *See Ungar v. Mandell*, 471 F.2d 1163, 1166 (2d Cir. 1972); *Brown v. First National City Bank*, 503 F.2d 114, 117–18 (2d Cir. 1974). This is just such a case.

The instant action is not the first challenge to New York City's rent control system filed in this Court. Earlier efforts, however, have failed to raise a sufficiently substantial federal question. *See Somerset-Wilshire Apts., Inc. v. Lindsay*, 304 F.Supp. 273 (S.D.N.Y.1969) and *Stoneridge Apts. Company v. Lindsay*, 303 F.Supp. 677 (S.D.N.Y.1969). In *Israel v. City Rent & Rehabilitation Administration of City of New York*, 285 F.Supp. 908, 910 (S.D.N.Y.1968) Judge Pollack observed:

> Plaintiff contends that the State rent control enabling Act and Local

Law 20 which continues rent control in New York City violate the following of her constitutional rights:

Due process of Law (XIV Amendment, U.S. Constitution, Article I, § 6, N.Y. Constitution); equal protection of the laws (XIV Amendment, U.S. Constitution, Article I, § 11, N.Y. Constitution); taking property without compensation (Article I, § 7, N.Y. Constitution); impairment of obligations of contract (Article I, § 10, U.S. Constitution). In addition, plaintiff invokes the Civil Rights statutes (18 U.S.C. § 242; 28 U.S.C. § 1343; 42 U.S.C. § 1983). No other grounds for federal jurisdiction are alleged.

The constitutionality of the Rent Control Statute is well settled. The statute does not violate due process (*Bowles v. Willingham*, 321 U.S. 503, 517, 64 S.Ct. 641, 88 L.Ed. 892 (1944)); equal protection (*Woods v. Cloyd W. Miller Co.*, 333 U.S. 138, 145, 68 S.Ct. 421, 92 L.Ed. 596 (1948)); taking of property without compensation (*Teeval Co. v. Stern*, 301 N.Y. 346, 362, 93 N.E.2d 884, cert. den. 340 U.S. 876, 71 S.Ct. 122, 95 L.Ed. 637 (1950)); impairment of contract rights (*Marcus Brown Holding Co. v. Feldman*, 256 U.S. 170, 198, 41 S.Ct. 465, 65 L.Ed. 877 (1920)); see generally, *Lincoln Building Associates v. Barr*, 1 N.Y.2d 413, 153 N.Y.S.2d 633, 135 N.E.2d 801 (1956), appeal dismissed for want of substantial federal question, 355 U.S. 12, 78 S.Ct. 12, 2 L.Ed.2d 20 (1957). Judge Pollack went on to note that the emergency in New York City housing which originally compelled the institution of rent control continued to exist. 285 F.Supp. at 910–11.

The enabling legislation which permits the City to enact and enforce rent control regulations will expire on July 1, 1976. Chap. 576, § 17 (1974) Laws of New York 1533. At that time, the State Legislature will again be obliged to deal with the problem. In abstaining in *Burford v. Sun Oil Co.*, the Court indicated that it was loath to interfere in, "as thorny a problem as has challenged the ingenuity and wisdom of legislatures," *Railroad Commission v. Rowan & Nichols Oil Co.*, 310 U.S. 573, 579, 60 S.Ct. 1021, 1023 (1940) quoted in 319 U.S. at 318, 63 S.Ct. at 1099. Surely, rent control qualifies as such a problem.

The New York courts have not been reluctant to render decisions in rent control cases. And, their opinions cannot be said to have ignored the landlords' problem. As plaintiffs' attorneys indicate in their memorandum in support of their motion for class action determination, they have been successful in representing landlords' interests in numerous cases before local courts. It is in the local forum that these matters are best litigated. The words of Judge Hand, speaking in *Teeval Co., Inc. v. Dewey*, 91 F.Supp. 891, 893–94 (S.D.N.Y.1950) remain convincing

There plainly is no justification for exercising our jurisdiction in the present case. The New York courts have shown no hesitation in dealing with matters of rent control, and a resort to those courts in order to interpret the Act before us may avoid consideration of questions arising under the Constitution of the United States and possible conflicts in the views of the two courts. If their decisions should prove to be wrong on Federal grounds a review may be had in the Supreme Court of the United States. . . . The State courts are the proper tribunals to construe the State rent statutes and to determine the scope of the public emergency with respect to which the New York Legislature acted.

The adequacy of local courts to deal with these matters is particularly demonstrated by *Housing & Development Administration of City of New York v. Community Housing Improvement Program, Inc. ("HDA")* (N.Y.L.J., Sept. 12, 1975 at p. 7, col. 5). In this case, which is currently on appeal, Civil Court Judge Klieger declined to rule on the rent control and rent stabilization laws themselves, citing to New York Court of Ap-

peals' decisions upholding them. The Judge determined, however, that:

> [t]he laws . . . which underlie the systems of rent control are found to have become unconstitutional as administered, and are declared to be unconstitutional. *HDA, supra* at p. 8, col. 2.

Judge Klieger's decision echoes the plaintiffs' papers in describing the deleterious impact of rent control as it has operated in the City of New York. Whether his conclusion will be sustained as the case moves through the appropriate state appellate courts remains to be seen, but it would be improvident for this Court to interfere while that process is taking place.

█ Plaintiffs are correct in asserting that the maintenance of a § 1983 claim does not depend upon exhaustion of state remedies. *Tyson v. New York City Housing Authority,* 369 F.Supp. 513 (S.D.N.Y.1974). When parties charge deprivation of civil rights and recourse elsewhere would be futile federal courts should take cognizance of their claims. A substantial body of law, however, supports this Court's belief that abstention may still be appropriate despite a civil rights complaint and, indeed, is virtually demanded in a case of this nature.

> If we were to distort §§ 1343 and 1983 to vest federal courts with jurisdiction over the uniquely local substantive matters which this case presents, we would not only impair our ability to consider the vast array of cases that properly belong in federal forums but, as surely as sunrise, we create yet another and an unnecessary interference with orderly State processes.

> *McDowell v. Texas,* 465 F.2d 1342, 1346 (5th Cir. 1972), *cert. denied,* 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1973).

█ As recently indicated in this Court by Judge Pollack, "this action presents a classic case for the invocation of the doctrine of abstention, which permits a federal court, in the exercise of its discretion, to relinquish jurisdiction where necessary to avoid needless conflict with the administration by a state of its own affairs." *Surowitz v. New York City Employees' Retirement System,* 376 F.Supp. 369, 376 (S.D.N.Y.1974) (citations omitted).

█ Having determined to abstain, this Court is then faced with two alternatives: to dismiss the action outright or to retain jurisdiction pending resolution of the state court proceedings. The Court adopts the latter course.

> It is better practice, in a case raising a federal constitutional or statutory claim, to retain jurisdiction, rather than to dismiss . . . .

> *Zwickler v. Koota,* 389 U.S. 241, 244, n. 4, 88 S.Ct. 391, 393, 19 L.Ed.2d 444 (1967).

This approach is favored in this Circuit. *Reid v. Board of Education of the City of New York,* 453 F.2d 238 (2d Cir. 1971); *Coleman v. Ginsberg,* 428 F.2d 767 (2d Cir. 1970). See C. Wright, *Law of Federal Courts,* § 52 at 196–208 (2d ed. 1970). Particularly here where plaintiffs are not parties to the state suit, it would be inappropriate to cast them adrift at this stage. After all, abstention "does not . . . involve the abdication of federal jurisdiction, but only the postponement of its exercise." *Harrison v. NAACP,* 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959). Hopefully, this dispute can be resolved at the state and local level. If not, the door of the federal courthouse remains ajar.

Accordingly, all proceedings herein are stayed pending final determination of the aforesaid state court suit and further consideration of rent control by the state legislature and local authorities and the action is placed on the suspense docket of the Court. The motions and cross-motions are denied without prejudice to renewal in the event that this action subsequently goes forward.

Settle order on notice.